UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Mrozek,                                  Civil File No. 11-CV-2572 JRT/SER

           Plaintiff,

vs.                                             **RULE 26(f) REPORT**

Holly Ringler, et al.,

           Defendants.

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on November 7, 2013, by teleconference and prepared the following report. Counsel for the parties who participated are as follows: Jordan Kushner, Esq., on behalf of Plaintiff, and Frank Aba-Onu, Assistant Attorney General, and Marsha Eldot Devine, Assistant Attorney General, on behalf of Defendants.

The initial pretrial conference required under Fed. R. Civ. P. 16 and the LR 16.2 is scheduled on November 25, 2013, before the United States Magistrate Judge Steven E. Rau in Room 334, of the U.S. Courthouse in St. Paul, Minnesota. The parties <u>do not request</u> that the pretrial be held by telephone.

(a)     Description of the Case.

        (1)     Concise factual summary of plaintiff's claims:

- Plaintiff Michael Mrozek suffered a sexual assault by his roommate Brian Sorenson on December 30, 2010, while confined at the Minnesota Sex Offender Program ("MSOP"). MSOP is a secure treatment facility which in reality has restrictions comparable to a maximum security prison, and houses sex offenders found by a court to be too dangerous to live in the community. MSOP nevertheless double bunks most of its prisoners in small locked rooms. MSOP staff placed Sorenson in the cell with Mrozek in early December, 2010. Sorenson not only had a history of violent and sexually predatory criminal convictions, but also a history of assaultive and harassing actions at MSOP. On December 18, Sorenson approached Plaintiff in his bed, lied down next to Plaintiff and made sexual comments. Both Plaintiff and Sorenson reported the incident to their respective treatment groups the next day. MSOP staff involved in the treatment groups and otherwise advised of the incident,

      did not take any action to protect Mrozek, thereby enabling the sexual assault to occur.

- Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 against individual officials at MSOP for their indifference to his safety in violation of Plaintiff's constitutional rights to due process. Following the Court's partial grant of Defendants' motion for partial dismiss, Plaintiff's pending claims are based on the failure to take any measures specifically to protect Plaintiff from Sorenson despite the known danger, and the more general failure to implement policies and procedures to protect prisoners in the double-bunking process despite the known and obvious dangers.

(2)    Concise factual summary of defendants' claims/defenses:

- First, Defendants object to the accuracy of Plaintiff's description of the case. *See, e.g.,* Defendants Amended Answer to Plaintiff's Complaint [Doc. No. 34]. Defendants also object to Plaintiff's characterization of MSOP as a prison, as well as to his characterization of MSOP residents as "prisoners" who are housed in "cells." Plaintiff is aware that MSOP is a treatment facility under the auspices of the Minnesota Department of Human Services and not the Minnesota Department of Corrections and that residents who are placed there are committed by the courts as sexually dangerous persons and/or sexual psychopathic personalities.

- Second, Plaintiff initially brought his 42 U.S.C. § 1983 action against Defendants in their official and individual capacities, alleging the following causes of action as a result of the December 30, 2010, incident: Count 1 (Failure to Protect); Count 2 (Due Process); Count 3 (Unreasonable Seizure); Count 4 (Failure to Train and Supervise); and Count 5 (Unconstitutional Custom and Practice). As a result of Defendants' Rule 12 Motion, the Court dismissed Counts 3 and 4, as well as all claims against Defendants in their official capacities for monetary relief, and claims against Defendants John Doe and Jane Roe. Thus, the only remaining causes of action are Counts 1, 2 and 5, and claims for injunctive relief against Defendants in their official capacities. While Defendants do not dispute that some kind of altercation occurred between Plaintiff and his roommate on December 30, 2010, Defendants deny that any actions or inactions by them rise to the level of any constitutional violation, and they further deny that they engaged in any unconstitutional pattern or practice relative to DHS and/or MSOP policies and procedures applicable at the time.

- Third, Defendants assert that Plaintiff cannot establish that they engaged in any unconstitutional action and they specifically deny that their actions were willful or deliberately indifferent. Defendants further assert that they are entitled to qualified immunity thereby negating any alleged liability against them. Defendants deny that Plaintiff is entitled to any monetary relief, and that any claim by Plaintiff is de minimis. Defendants further deny that Plaintiff is entitled to punitive damages or any kind of monetary relief. Defendants deny that Plaintiff is entitled to any retrospective, current or prospective injunctive relief. Defendants further deny that Plaintiff's counsel is entitled to any claimed attorney fees and cost and assert that to date, Plaintiff has not asserted that he is the prevailing party.

(3) A summary itemization of the dollar amount of each element of the alleged damages:

**Plaintiff's Statement**

- Plaintiff does not have out-of-pocket damages to the best of his knowledge at this time. Plaintiff has suffered pain, severe mental distress, embarrassment and humiliation. Punitive damages may be available. Plaintiff will also be entitled to costs and reasonable attorney fees if he prevails.

**Defendants' Statement**

- As indicated above, Defendants deny that Plaintiff is entitled to any recovery concerning this matter.

(4) Statement of jurisdiction (including statutory citations):

- This Court has jurisdiction concerning this matter pursuant to 28 U.S.C. § 1331 to the extent that Plaintiff has asserted alleged constitutional violations pursuant to 42 U.S.C. § 1983.

(5) Summary of factual stipulations or agreements:

- None.

(6) Statement of whether a jury trial has been timely demanded by any party:

- A jury trial has been timely demanded by Plaintiff.  Defendants do not object.

(7) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

- The parties do not request resolution under the Rules of Procedure for Expedited Trials.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

- Service of process of Plaintiff's Complaint and Defendants' Answer to the Complaint was proper.  The parties may seek to amend pleadings and/or add additional parties on or before April 1, 2014.

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before December 2, 2013.  The parties will make any and all discoverable documents referenced in their respective disclosures available to the other party as soon as possible, but no later than January 20, 2014.

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 on or before September 8, 2014.

(3) The parties must commence fact discovery procedures in time to be completed on or before December 1, 2014.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) The initial number of interrogatories may not exceed 25 per side.  The number of total interrogatories may not exceed 35 per side, including the number of initial interogatories already requested;

4

   (B)  Reasonable and relevant document requests;

   (C)  <u>15</u> factual depositions per side;

   (D)  The parties have not discussed whether there should be a limititation of the number of requests for admissions per side;

   (E)  <u>1</u> discovery expert deposition per expert; and

   (F)  <u>1</u> Rule 35 medical examination.

(d) Expert Discovery.

 (1) The parties anticipate that they <u>will</u> require expert witnesses at the time of trial.

 (2) The parties propose that the Court establish the following plan for expert discovery:

   (A)  Disclosure of experts.

     (i)  On or before June 1, 2014, Plaintiff must notify Defendants whether he intends to use expert witnesses at the time of trial. Plaintiff must also identity his expert(s), including, but not limited to, the expert's name, address, telephone number, field of expertise, and provide a copy of the each expert's curriculum vitae.

     (ii)  On or before July 1, 2014, Defendants must notify Plaintiff whether they intend to use expert witnesses at the time of trial. Defendants must also identity their expert(s), including, but not limited to, the expert's name, address, telephone number, field of expertise, and provide a copy of the each expert's curriculum vitae.

   (B)  Initial experts.

     (i)  If the parties have provided adequate notice, as prescribed in paragraphs (d)(2)(A)(i)-(ii), expert written report, completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served by Plaintiff on or before August 1, 2014, and by Defendants on or before September 8, 2014.

5

      (C) Rebuttal experts.

          (i) The identity of any experts, as indicated in paragraphs (d)(2)(A)(i)-(ii), who may testify in rebuttal to any initial expert must be disclosed on or before August 1, 2014.

          (ii) Rebuttal expert reports completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before October 1, 2014.

   (3) All expert discovery must be completed on or before December 1, 2014.

(e) Other Discovery Issues.

   (1) Protective Order.

- The parties submitted a Motion for a Protective Order to this Court on September 23, 2013, and this Court signed and filed a Protective Order on October 2, 2013. [Doc. No. 32].

- The parties may request that the Protective Order be amended as necessary.

   (2) Discovery of Electronically Stored Information. The parties have discussed issues about disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced and inform the Court of the following agreements or issues:

- The parties may provide discovery disclosures electronically or in any other reasonable format and manner so long as the other side has the capability and technology to access and read the material. If said discovery cannot be accessed or is unreadable in the format produced, it is the obligation of the disclosing party to provide disclosure, within a reasonable time, in another manner that is accessible or readable.

   (3) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege or of protection as trial-preparation materials as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production and request the Court to include the following agreement in the scheduling order:

- The parties agree that any side claiming privilege or protection as to trial-preparation materials, or any other discovery disclosures, will

     provide the other side with a privilege log regarding the claimed privileged material.

  - The parties further agree that to the extent that a dispute arises regarding claims or the classification of the privileged documents that cannot be resolved between them, the parties may seek in camera review to resolve the issue.

(f)  Proposed Motion Schedule.

 The parties propose the following deadlines for filing motions:

 (1)  Motions seeking to join other parties must be filed and served on or before April 1, 2014.

 (2)  Motions seeking to amend the pleadings must be filed and served on or before April 1, 2014.

 (3)  All other non-dispositive motions must be served, filed and heard on or before January 6, 2015.

 (4)  All dispositive motions must be filed and served on or before February 3, 2015.

(g)  Trial-Ready Date.

 (1)  The parties agree that the case will be ready for trial on or after June 1, 2015, and that the parties will need no more than two weeks for trial. It is unknown at this time how many expert witnesses each party expects to call at trial, if any.

 (2)  The parties propose that the final pretrial conference be held on or before May 10, 2015, or no later than three weeks before the trial ready date.

(h)  Insurance Carriers/Indemnitors.

  - The parties are unaware of any insurance carries/indemnitors.

(i)  Settlement.

 (1)  The parties previously attempted mediation on November 4, 2011, which was not successful, but will continue to consider settlement.

(2) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

- The parties <u>do not</u> request alternative dispute resolution at this time.

(j) Trial by Magistrate Judge.

The parties <u>have not</u> agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Dated: November 15, 2013

LAW OFFICE OF JORDAN S. KUSHNER

**s/ Jordan S. Kushner**
JORDAN S. KUSHNER, ESQ.
Atty. Reg. No. 219307
431 South Seventh Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545

ATTORNEY FOR PLAINTIFF

Dated: November 18, 2013

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

**s/ Uzodima Franklin Aba-Onu**
UZODIMA FRANKLIN ABA-ONU
Assistant Attorney General
Atty. Reg. No. 0391002
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1398 (Voice)
(651) 296-1410 (TTY)

**s/ Marsha Eldot Devine**
MARSHA ELDOT DEVINE
Assistant Attorney General
Atty. Reg. No. 0192922
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1431 (Voice)
(651) 296-1410 (TTY)

ATTORNEYS FOR DEFENDANTS